**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROGER SAUL,

      Plaintiff,

v.                                          1:14-cv-00718 –JAP-SCY

SAFECO INSURANCE COMPANY OF AMERICA,

      Defendant.

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

      Defendant, West American Insurance Company, erroneously identified as Safeco Insurance Company of America (hereinafter "West American" or "Defendant"), by and though its undersigned counsel of record, Simone, Roberts, and Weiss, P.A., submits its Motion for Protective Order and as grounds therefore, states as follows:

## INTRODUCTION

      On July 09, 2014, Plaintiff, Roger Saul (hereinafter "Plaintiff" or "Saul"), commenced this action by filing his Complaint for Breach of Contract, Unfair Trade Practices, Breach of Good Faith and Fair Dealing and Emotional Distress (hereinafter "Complaint") in the Second Judicial District, County of Bernalillo, State of New Mexico, D-202-CV-2014-04520 against Defendant following a fire loss that occurred on or about September 3, 2012, at a dwelling located on 11424 Love Avenue, Albuquerque, NM 87112 ("subject dwelling"). *See* Plaintiff's Complaint, attached as Exhibit A to Defendant's Notice of Removal [Doc 1-1].   In his Complaint, Plaintiff claims that following the fire loss, he has been financially and emotionally damaged.  *See* Complaint, ¶¶ 14-20, [Doc 1-1].  In this lawsuit, Plaintiff alleges that West American is liable, under various theories, for its alleged failure to pay what the Plaintiff deemed and demanded as damages as a result of the fire.  *See* Complaint.

Plaintiff asserts four claims for relief against West American titled as: Breach of Contract, Unfair Trade Practices, Breach of Good Faith and Fair Dealing and Emotional Distress. *See id*. Plaintiff seeks compensatory damages in the amount of $62,535.41, punitive damages, court costs, and damages for breach of contract, good faith and fair dealing, unfair business/trade practices and for emotional distress. *See id*.

West American removed this lawsuit to this Court on the basis of diversity [Doc 1]. Specifically, West American argued that this Court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*.

Plaintiff filed his Motion to Remand arguing that Defendant has not met its burden as to diversity or the amount in controversy [Doc 8]. Defendant responded to the Motion to Remand [Doc 11]. The parties have not conducted their "meet and confer" conference and have not filed a Joint Status Report ("JSR"). *See* Court docket. Likewise, this Court has not conducted its Rule 16 Conference or entered a scheduling order. *See* Court docket. On September 22, 2014, Saul served by certified mail, discovery in the form of requests for admissions to Randal Roberts, a partner at the undersigned law firm. *See* Exhibit A. For the following reasons, West American's Motion must be granted.

## ARGUMENT

### I.      Plaintiff's discovery is prohibited under Rule 26.

Fed. R. Civ. P. Rule 26(d)(1) states as follows:

(d) Timing and Sequence of Discovery.

> (1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

2

*See* Fed. R. Civ. P. Rule 26(d)(1).

As indicated, Rule 26(d)(1) prohibits the parties from conducting discovery prior to the discovery conference under Rule 26(f).  Thereafter, the parties are authorized to conduct discovery in accordance with the provisions set forth in the JSR and approved by this Court.  The parties may not conduct discovery prior to their discovery conference unless they have so stipulated.  *See, e.g.*, *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002), or unless the Court so authorizes.  *See Doebele v. Sprint Corp.*, 2001 WL 392513 (D. Kan. Apr. 10, 2001).  It is undisputed that the parties have not conferred and have not filed a JSR.  There is no evidence that this case has been exempted from the provisions of Rule 26.  The parties have not stipulated to conducting discovery ahead of a discovery conference and finally, there is no Court Order authorizing discovery.  Thus, Saul's discovery violates Rule 26(d)(1).

In addition, the discovery submitted to Mr. Roberts, even though Saul is fully aware that he is not counsel of record in this case, is simply preposterous and onerous and no more than a tool to continually harass and intimidate Defendant, its undersigned counsel of record, and the law firm.  *See* Exhibit A.  This continual problem is one example as to why a discovery plan should be negotiated by the parties and approved by the Court *prior* to the commencement of discovery.  Plaintiff's discovery in the form of Requests for Admissions is prohibited under the Rules and Defendant respectfully requests this Court grant its Motion for Protective Order.

Rule 26 allows the Court to make such discovery orders as are appropriate in the circumstances, including "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *See* Rule 26.  The predicate for such an order, of course is that good cause must be shown by the party seeking the order.  Defendant has shown good cause and respectfully requests the entry of a protective order.

Finally, Defendant requests this Court for an entry of a protective order to protect Defendant and the undersigned counsel from the continuous threats and harassment by Saul. *See* attached Exhibits A, B, C, D and E. As evidenced in all these Exhibits, Saul projects the Defendant and its counsel, in a "David and Goliath" manner. Saul has written to the partners and associate at Simone, Roberts & Weiss, P.A. making derogatory and baseless comments regarding "attorney perjury". Saul has sent emails to the undersigned making derogatory and baseless comments as to "attorney perjury". Saul has directed emails to members of the public making derogatory and baseless comments regarding "attorney perjury". This continuous onslaught of abuse is no more than a method to harass and intimidate the Defendant, its counsel and her law firm.

Rule 26 gives the trial court discretion to fashion orders that protect the parties from "… annoyance, embarrassment, oppression, or undue burden or expense." *See* Rule 26. New Mexico courts may make such orders as are necessary according to the facts and issues in the case, having consideration for fairness to all the parties. *State ex rel. New Mexico State Hwy Comm'n. v. Taira*, 78 N.M. 276 (1968). Defendant respectfully requests entry of an appropriate protective order.

WHEREFORE, Defendant, West American Insurance Company, respectfully requests that this Court grants its Motion for Protective Order for all the reasons set forth herein and for any other reason this Court deems just and proper.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.


*/s/* Meena H. Allen
MEENA H. ALLEN
11200 Lomas Blvd., N.E., Suite 210
Albuquerque, NM  87112
(505) 298-9400
mallen@srw-law.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Roger Saul
4504 Skyline Ct NE
Albuquerque, NM 87111-3039


/s/
Meena H. Allen