IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER SAUL,

      Plaintiff,

v.                                        No. CIV 14-718 JAP/SCY

WEST AMERICAN INSURANCE COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

In a MOTION TO REMAND TO DISTRICT COURT (Motion to Remand) (Doc. No. 8), pro se Plaintiff Roger Saul asserts that this case should be remanded to New Mexico State District Court because the amount in controversy does not exceed $75,000 and because Defendant had previously consented to the State Court's jurisdiction. In DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND TO DISTRICT COURT (Response) (Doc. No. 11), Defendant West American Insurance Company (West American)[1] argues that removal was proper based on diversity jurisdiction and that Plaintiff's Motion to Remand should be denied. Plaintiff did not file a reply and the time for doing so has elapsed. *See* D.N.M.LR-Civ. 7.4(a).

**Background**

On July 9, 2014, Plaintiff filed a COMPLAINT: FOR BREACH OF CONTRACT; UNFAIR TRADE PRACTICES; BREACH OF GOOD FAITH AND FAIR DEALING; EMOTIONAL DISTRESS (Complaint) (Doc. No. 1-1) in the Second Judicial District Court,

---

[1] West American states that Plaintiff erroneously identified it as Safeco Insurance Company of America in the Complaint. Response at 1. The Court directs that the caption be corrected to identify Defendant as West American Insurance Company.

Bernalillo County, State of New Mexico (State Court). Plaintiff's claims arose from a fire that occurred on September 3, 2012 at a rental house (dwelling) Plaintiff owns in Albuquerque, New Mexico. Complaint at ¶¶ 3–4. West American had issued a policy of insurance to Plaintiff covering the dwelling at the time of the fire. *Id.* at ¶ 3; Notice of Removal at ¶ 3 (Doc. No. 1). The policy provided property damage coverage for the dwelling up to a limit of $121,000. Complaint, Ex. A. The fire caused such extensive damage that the City of Albuquerque gave notice to demolish or raze the fire-damaged dwelling. Complaint at ¶ 9.

As a result of damage to the dwelling, Plaintiff submitted several claims to West American. *Id.* at ¶¶ 5-8, Exs. "B⅓," "B⅔," B 3/3," and D. Plaintiff acknowledges that West American paid him $69,864.59 under the policy, but he now seeks payment of the policy limit of $121,000, by requesting an additional sum of $51,135.41 for property damage, "plus any lost rent, damages and court costs." *Id.* at ¶ 14. Plaintiff alleges that from July 2013 to July 2014 he had lost $11,400 in rent; and Plaintiff further states "plus additional rent loss until settlement." *Id.* at ¶ 15. Thus, the Complaint specifically requests a total sum of $62,535.41 plus an undetermined amount of rent lost after July 2014 ($51,135.41 plus $11,400 for one year of lost rent plus additional rent lost after July 2014).

On August 15, 2014, West American removed the lawsuit to federal district court based on diversity jurisdiction under 28 U.S.C. § 1332(a) and (c)(1). West American alleges that the parties are completely diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Notice of Removal at ¶¶ 8–11.

**Legal Standard**

To demonstrate diversity jurisdiction under 28 U.S.C. § 1332, Defendant, as the party invoking federal jurisdiction, has the burden of showing by a preponderance of the evidence certain jurisdictional facts:1) that Defendant is diverse in citizenship from Plaintiff; and 2) that Plaintiff's claims entail an amount in controversy that exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 952, 953 (10th Cir. 2008); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289–90 (10th Cir. 2001). Unlike cases initiated in federal court, there is a presumption against removal jurisdiction when a plaintiff brings suit in state court. *Martin,* 251 F.3d at 1289 (citation omitted). Thus, the Court will presume no federal jurisdiction exists absent an adequate showing by Defendant that the requirements of diversity jurisdiction are met.

When a case is removed on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed the amount in controversy" except that a notice of removal may assert the sum in controversy if the initial pleading seeks nonmonetary relief. 28 U.S.C. § 1446(c)(2)(A)(i). In determining the requisite amount in controversy, courts typically look to the plaintiff's complaint, or if the complaint is not dispositive, to the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

A plaintiff cannot avoid removal merely by declining to specify in the complaint what damages he seeks. "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *McPhail*, 529 F.3d at 955. There are a variety of means available to a defendant to meet its burden of proof with respect to the jurisdictional amount. A removing party may rely on an estimate of potential damages from the allegations in a complaint. *Id.* "A complaint that presents a combination of facts and theories of recovery that

may support a claim in excess of $75,000 can support removal." *Id.* In addition, other documents can be used to determine the amount in controversy, for example, exhibits attached to a complaint. *Id.* at 956. A removing party may also rely on a plaintiff's proposed settlement amount as evidence that the jurisdictional minimum amount is met, because the plaintiff's proposed settlement is "an estimate of the amount that will be put at issue" in the litigation. *Id.*

## Discussion

### A. Diversity Jurisdiction: Amount in Controversy

Plaintiff's Complaint alleges that West American "has refused to pay the $51,135.41 balance of the claim owing." Complaint at ¶ 14. Plaintiff argues that he is not asking for more than $75,000 and has "never asked for more than $75,000 (in addition to the partial claims payment so far paid/settled)." Motion to Remand at 2.

> [Plaintiff] asks for $75,000 for coverage of the ***un***damaged portion of the house (including loss of rents, and any other causes). Other causes of action affirmed and reserved but not to incur a total award of more than $75,000—nor any statutory/judicial limit required—in order to maintain a ceiling award of $75,000 or less.

*Id.* (emphasis in original).

The Court construes a pro se litigant's filings and arguments liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). However, even a liberal review of Plaintiff's Complaint, exhibits, and Motion to Remand reveals the contradictory nature of Plaintiff's position. Plaintiff's Complaint admits that West American has already paid him $69,864.59 on his claim. Complaint at ¶ 14. The additional $51,135.41 that Plaintiff seeks under the policy, plus lost rent of $11,400 to July 2014 and more thereafter, place his claims well over the $75,000 jurisdictional amount.

Plaintiff apparently believes that the proceeds West American already paid him, $69,864.59, are not counted in calculating the jurisdictional minimum. Plaintiff provides no legal authority for this proposition and the Court has found none. To the contrary, there is legal authority to support the position that the maximum "amount in controversy is the maximum limit of the insurer's liability under the policy" in scenarios where a claim is denied. *Farmers Ins. Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979) (citation omitted). Although West American did not deny Plaintiff's claim in its entirety, it did not pay out the policy limit notwithstanding Plaintiff's explicit requests that West American pay the policy limit. Complaint, Ex. "K½" ("Please immediately remit policy limits . . . ."); Ex. "K2/2" ("Please immediately remit the balance of the Policy Limits plus any/all appropriate increases due to 'inflation' or 'code enforcement' 'replacement costs(s)'"). Plaintiff's repeated requests for "policy limits" (in the amount of $121,000), as set forth in the Complaint and attached exhibits clearly show that the threshold amount for diversity jurisdiction is met.

Even if the amount in controversy were not apparent on the face of Plaintiff's Complaint and attached exhibits, West American has affirmatively established, by a preponderance of evidence, that the requisite amount in controversy is met. West American gives Plaintiff the benefit of the doubt by assuming that Plaintiff's request in the Complaint for $62,535.41 is all that he seeks. In other words, in calculating the threshold minimum of $75,000, West American does not count the sum of $69,864.59 already paid to Plaintiff under the policy. *Id.* at 7. However, as noted in the Notice of Removal at ¶ 10, Plaintiff's Complaint requests damages for a number of claims. In addition to breach of contract claims, Plaintiff alleges that he is entitled to damages for breach of the covenant of good faith and fair dealing, violations of the New Mexico Unfair Practices Act, and emotional distress. Plaintiff also asks for punitive damages.

If proven, punitive damages alone could exceed the jurisdictional minimum. It is well established that calculations of the amount in controversy contemplate both compensatory and punitive damages, if a plaintiff can recover punitive damages under applicable state law. *See, e.g., Chen v. Dillard Store Services, Inc.*, __ F. App'x __, 2014 WL 4214950 at *3 (10th Cir. Aug. 27, 2014) (unpublished) (affirming denial of the plaintiff's motion to remand where the trial court considered the plaintiff's "conservative estimate" of $50,000 in damages plus punitive damages and determined that the defendant had shown that it was not legally certain that the amount in controversy was less than $75,000); *Woodmen of World Life Ins. Society v. Manganaro,* 342 F.3d 1213, 1218 (10th Cir. 2003) (punitive damages can be considered in determining the requisite jurisdictional amount); *United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 103 N.M. 480, 485 (1985) (insured may obtain punitive damages when there is evidence of bad faith or malice in an insurer's refusal to pay an insurance claim). In addition, damages under the New Mexico Unfair Practices Act, if proven, can be trebled for willful violations. *Woodmen*, 342 F.3d at 1217–18; N.M. Stat. Ann.§ 57-12-10(B).

These allegations and claims are sufficient for the Court to conclude that Plaintiff seeks damages in excess of the $75,000 threshold for diversity jurisdiction because it is "not legally certain" that Plaintiff will recover an amount less than $75,000. *See McPhail*, 529 F.3d at 957 (background information provided sufficient supplementary information for court to conclude that "it is not legally certain" that the plaintiff would recover an amount less than $75,000 even where the court assumed the amount in controversy was not apparent from the face of the complaint).

  B.  **Waiver of Removal**

On August 13, 2013, about a year before Plaintiff filed his Complaint in State Court,

D-202-CV-2014-04520 (Removed Complaint), West American filed a Petition to Appoint a Neutral Umpire in State Court, D-202-CV-2013-06559 (2013 State Court Proceeding). Because Roger Saul and West American could not agree on the value of the repairs to the dwelling or on a neutral umpire/appraiser, West American retained counsel, who filed the 2013 State Court Proceeding requesting appointment of an umpire. Response at 3-4. The 2013 State Court Proceeding was filed by West American, not Mr. Saul, was never removed to Federal Court, did not involve questions of diversity jurisdiction, was limited to the appointment of an umpire, and was an entirely different proceeding than the Removed Complaint. Mr. Saul did not file any counterclaims in the 2013 State Court Proceeding, and none of the issues in the Removed Complaint were raised in the 2013 State Court Proceeding. On October 17, 2013, the State Court Judge entered an Order appointing a neutral umpire, and on October 23, 2013, the 2013 State Court Proceeding was closed. Response at 4-5, Ex. B.

Plaintiff argues that West American consented to State Court jurisdiction in the Removed Case by filing two motions in the 2013 State Court Proceeding.[2] Motion to Remand at 1. Plaintiff asserts that West American's two motions "concerned the issue regarding this same house fire insurance claim" and that the State Court Judge heard the motions and issued corresponding orders. *Id.* at 1-2. As best as the Court can determine, Plaintiff contends that West American's action in filing and participating in the 2013 State Court Proceeding constituted West American's consent to having the State Court decide this later-filed lawsuit that Plaintiff brings against West American. Stated differently, Plaintiff may take the position that West American waived its right to remove this lawsuit to federal court.

---

[2] One motion was West American's opening petition requesting appointment of a neutral umpire. The second motion was West American's request for a preliminary injunction in the 2013 State Court Proceeding based on Mr. Saul's threats to hold a public demonstration against West American and its law firm. Response at 4-5.

The right to remove may be waived. *May v. Bd. of Cnty Comm'rs for Cibola Cnty,* 945 F.Supp.2d 1277, 1297 (D.N.M. 2013) (citations omitted). A party may waive its right to remove a case to federal court when it does not adhere to removal requirements under 28 U.S.C. § 1446(c) or when it receives adverse rulings from a state court on substantive motions it filed in that court before removing a case to federal court. However, this is not a situation where West American sought and obtained final resolution of the present dispute in the 2013 State Court Proceeding. In that earlier proceeding, West American requested discrete relief, *i.e.,* appointment of a neutral umpire or appraiser to expedite possible resolution of the dispute without the need for protracted litigation. Once the State Court issued an Order appointing a neutral umpire, the 2013 State Court Proceeding was closed promptly, just two months after it had been opened.

Moreover, with respect to the Removed Complaint, West American did not evince a clear intent to remain in State Court by taking "substantive defensive action" before removal. Similarly, the facts do not show that West American argued and lost an issue in State Court and then tried to remove this Complaint to appeal an adverse decision by the State Court. *Compare Direct Mortg. Corp. v. Keirtec, Inc.*, 478 F. Supp. 2d 1339, 1341 (D. Utah 2007) (finding that the removing party consented to the state court's jurisdiction when the removing party continued to take advantage of actions in state court after removal and when the removing party "stood silent" rather than questioning the state court's continuing jurisdiction after removal of the case).

Unlike the earlier 2013 State Court Proceeding, the Removed Complaint seeks monetary damages under a number of causes of action. Although the two State Court proceedings arose from Plaintiff's claim for coverage on the fire-damaged dwelling, the two proceedings were assigned different case numbers, advanced on different theories, and requested different relief.

The Court concludes that West American's initiation of and participation in the 2013 State Court Proceeding does not amount to West American's consent to proceed before a State Court. The Court further finds that West American did not waive its right to remove.

### Conclusion

Defendant West American properly removed this case to Federal Court on the basis of diversity jurisdiction. The parties are citizens of different states, Complaint at ¶ 1 and Notice of Removal at ¶ 8, and the matter in controversy exceeds the sum of $75,000. 28 U.S.C. §§ 1332(a) and (c) and 1446. West American's participation in the 2013 State Court Proceeding was not a waiver of its removal right nor did West American consent to proceed in State Court. Because this Court has diversity jurisdiction over this case and Plaintiff has not shown that removal was improper under 28 U.S.C. § 1446, the Court will deny Plaintiff's Motion to Remand.

IT IS ORDERED that Plaintiff's MOTION TO REMAND TO DISTRICT COURT (Doc. No. 8) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE