IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER SAUL,
      Plaintiff,

vs.                                       Civ. No. 14-718  JAP/SCY

WEST AMERICAN
INSURANCE COMPANY,
      Defendant.

## ORDER

THIS MATTER comes before the Court on Defendant West American Insurance Company's Motion for a Protective Order (*doc. 12*), filed September 29, 2014. In this Motion and in the accompanying briefing (*doc. 17*), Defendant asks the Court to enter an order prohibiting *pro se* Plaintiff Roger Saul from (1) propounding discovery requests on Defendant prior to the entry of a discovery plan approved by the Court, (2) sending copies of his communications directly to Defendant, who is represented by counsel, and (3) emailing members of the public as well as partners at Simone, Roberts & Weiss, P.A., Defendant's law firm, with complaints that Defendant characterizes as "threats and harassment." Having reviewed the Motion and the relevant legal standards, the Court will grant in part and deny in part Defendant's Motion for a Protective Order (*doc. 12*).[1]

### I.      Background

On September 2, 2014, the Court entered an initial scheduling order setting deadlines for the parties to meet and confer, file a joint status report, and attend an initial scheduling

---

[1] The Court could have summarily denied Defendant's motion under D.N.M.LR-Civ. 7.1(a) as it fails to state whether it is opposed. Similarly, Defendant's Motion improperly omits "a certification that [Defendant] has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the [discovery] dispute without court action." FED. R. CIV. P. 26(c). Despite these deficiencies, the Court will address Defendant's contentions in order to help educate *pro se* Plaintiff about the litigation process. The Court warns Defendant that future motions must comply with the Local Rules and with the Federal Rules of Civil Procedure.

1

conference. *Doc. 7*. Shortly thereafter, on September 11, 2014, Plaintiff filed a motion to remand the lawsuit to state court. *Doc. 8*. This prompted the Court to vacate the initial scheduling conference and accompanying deadlines. *Doc. 9*. The Court has since denied Plaintiff's motion to remand and rescheduled the initial scheduling conference. *See docs. 13 & 16*.

## II.     Discovery Requests

While Plaintiff's motion to remand was pending, Plaintiff sent discovery requests to Defendant (*doc. 12*, Exs. A-A1) in violation of Fed. R. Civ. P. 26(d)(1). This rule prohibits parties from serving discovery requests until the parties have met and conferred and developed a proposed discovery plan. FED. R. CIV. P. 26(d)(1). After Defendant filed its Motion for a Protective Order bringing the error to Plaintiff's attention, Plaintiff agreed to extend the time limits on his discovery requests. *See generally doc. 14*. As far as the Court is aware, Plaintiff has not propounded any other premature discovery requests. Thus, the first issue raised by Defendant's Motion for a Protective Order appears to be largely resolved. However, the Court will take this opportunity to explain the discovery process to Plaintiff to avoid further misunderstandings.

In this lawsuit, the Court has entered an initial scheduling order setting a deadline for the parties to meet and confer and draft a proposed discovery plan. *Docs. 7 & 16*. As that order explains, once the parties submit their proposed discovery plan, the Court will hold a telephonic scheduling conference discussing the proposed plan. The Court will then enter an order either adopting or modifying the parties' proposed discovery plan. *Id.* Unless the parties stipulate otherwise, all discovery must progress in accordance with the Court-approved plan. In other words, like all other litigants, Plaintiff must wait until the Court approves a discovery plan before serving any other discovery requests. Furthermore, once a discovery plan is in place, Plaintiff

must comply with the terms of this plan in conducting discovery. The Court notes that Plaintiff should direct all discovery requests to Meena Allen, Defendant's counsel-of-record. The Court warns Plaintiff that failure to follow the Court's instructions in this matter can result in the imposition of sanctions. *See* FED. R. CIV. P. 37(b).

### III.    Service on Defendant

In its Reply, Defendant complains that Plaintiff mailed a copy of his September discovery requests directly to Defendant. *Doc. 17* at 1. Defendant is correct; the Federal Rules of Civil Procedure contemplate that a party to a lawsuit communicate with an opposing represented party about the lawsuit through that party's counsel, not directly. *See* FED. R. CIV. P. 5 (If a party is represented by an attorney, service . . . must be made on the attorney unless the court orders service on the party). The Court instructs Plaintiff to send all future discovery requests, written motions, and similar Court documents to Defendant's attorney and not to Defendant.

### IV.    Plaintiff's "Threatening" Emails

According to Ms. Allen, Plaintiff has sent emails to partners and associates at Simone, Roberts & Weiss, P.A., as well as to other members of the public, accusing her of "attorney perjury" and otherwise "making derogatory and baseless comments" concerning this lawsuit. *Doc. 12* at 4; *see also Doc. 12*, Ex. B, D-E. Ms. Allen argues that the Court should enter an order under Fed. R. Civ. P. 26(c) prohibiting Plaintiff from engaging in this behavior. *Doc. 12* at 4. This type of proscription is not contemplated by Rule 26. Rule 26(c) allows "[a] party or any person **from whom discovery is sought** [to] move for a protective order in the court where the action is pending." FED. R. CIV. P. 26(c) (emphasis added). In other words, the purpose of Rule 26(c) is to shield parties from "annoyance, embarrassment, oppression, or undue burden or expense" caused by unreasonable discovery requests. Rule 26(c) does not empower the Court to

limit the speech about which Defendant complains. Litigants in federal court are, however, expected to behave professionally. Although a party is not prohibited from lodging a complaint with the supervisor of opposing counsel, such complaints should be professional and in good faith.

   IT IS THEREFORE ORDERED THAT:

1. Defendant West American Insurance Company's Motion for a Protective Order (*doc. 12*) is granted in part and denied in part.

2. Plaintiff shall henceforth cease serving discovery on Defendant until the entry of a Court-approved discovery plan.

3. Pursuant to Fed. R. Civ. P. 5, Plaintiff shall serve all discovery requests, written motions, and similar documents on Defendant's counsel-of-record.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**